PAUL E. MANASIAN (SB No. 130855)
GREGORY A. ROUGEAU (SB No. 194437)
THOMAS T. HWANG (SB No. 218678)
MANASIAN & ROUGEAU, LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com
Email: hwang@mrlawsf.com

Proposed Attorneys for Debtor in Possession,
QMECT, INC.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| QMECT, INC., a California corporation, dba Electrochem, | ) ) Case No. 04-41044-LT11 |
| Debtor. | ) |
| Employer's Tax I.D. No. 94-2923737 | ) Adv. Pro. No. [*None Assigned*] |
| | ) |
| _____ | ) ) |
| QMECT, INC., dba ELECTROCHEM, a California corporation, FRED KOELLING, an individual and LINDA KOELLING, an individual, | ) **NOTICE OF REMOVAL OF STATE** ) **COURT CIVIL ACTION TO THE** ) **UNITED STATES BANKRUPTCY** ) **COURT FOR THE NORTHERN** ) **DISTRICT OF CALIFORNIA** |
| Plaintiffs, | ) |
| vs. | ) ) |
| ROBERT D. JUDSON, JR., an individual; JANICE H. JUDSON, an individual; SIERRA FINANCIAL GROUP, INC., a California corporation; BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware limited partnership; BURLINGAME CAPITAL, LLC, a Delaware limited liability company; BURLINGAME CAPITAL MANAGEMENT, LLC, a California limited liability company; and DOES 1 through 100, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |
| ALL RELATED CROSS-ACTIONS | ) ) |
| _____ | ) |

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

Case: 04-04077   Doc# 1   Filed: 03/02/04   Entered: 03/02/04 17:48:08   Page 1 of 4

**TO: THE HONORABLE LESLIE TCHAIKOVSKY, UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN THE ABOVE-CAPTIONED STATE COURT CIVIL ACTION HEREBY REMOVED, THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN MATEO, AND THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that QMECT, INC., dba ELECTROCHEM, a California Corporation (the "Debtor"), submits this Notice of Removal in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1452(a) , and 28 U.S.C. § 157(a) , and respectfully represents, as follows:

1. The Debtor filed a Voluntary Chapter 11 Petition on February 27, 2004, commencing a reorganization case (the "Chapter 11 case") which is pending before the United States Bankruptcy Court for the Northern District of California, Oakland Division. The Chapter 11 case is designated as Case No. 04-41044-LT11. The Debtor is a debtor in possession pursuant to 11 U.S.C. §§ 1101(1) and 1107.

2. At the time of the commencement of the Chapter 11 case, a state court civil action (the "Civil Action") commenced by the Debtor and styled <u>QMECT, INC., dba ELECTROCHEM, FRED KOELLING, and LINDA KOELLING vs. ROBERT D. JUDSON, JR.; JANICE H. JUDSON; SIERRA FINANCIAL GROUP, INC.; BURLINGAME CAPITAL PARTNERS II, L.P.; BURLINGAME CAPITAL, LLC; BURLINGAME CAPITAL MANAGEMENT, LLC; and DOES 1 through 100</u>, was pending before the Superior Court of the State of California for the County of San Mateo (the "State Court"). The Civil Action is designated in that Court as Case No. Civ 426631. The Civil Action, until the filing of this Notice of Removal with the clerk of the State Court, was still pending before the State Court.

3. This Notice of Removal is accompanied by a copy of process and pleadings in the Civil Action in accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure. The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure. Copies of the above-mentioned process and pleadings are to be filed contemporaneously with the filing of this Notice of Removal. If additional documents relating to the Civil Action are required, the Debtor will submit such documents.

Case: 04-04077   Doc# 1   Filed: 03/02/04   Entered: 03/02/04 17:48:08   Page 2 of 4

4. The Civil Action, including all claims and causes of action asserted therein, is a Civil Action other than a proceeding before the United States Tax Court; it is not a Civil Action by a governmental unit to enforce such governmental unit's police or regulatory power. The Civil Action was initiated prior to the commencement of the Chapter 11 case.

5. The Civil Action is a civil proceeding related to the Chapter 11 case. As such, the bankruptcy court presiding over the Chapter 11 case, pursuant to 28 U.S.C. § 157(a), has jurisdiction of each and every cause of action asserted in the Civil Action pursuant to 28 U.S.C. § 1334.

6. In the Civil Action, the Debtor seeks recovery of damages from Robert D. Judson, Jr., Janice H. Judson, Sierra Financial Group, Inc., Burlingame Capital Partners II, L.P., Burlingame Capital, LLC, Burlingame Capital Management, LLC (collectively, the "Defendants"), and DOES 1 through 100, on several causes of action including Breach of Fiduciary Duty, Unfair Business Contract, and Breach of Contract and requests recission, damages, and injunctive relief. The aforementioned Defendants are alleged secured creditors are alleged secured creditors in the Chapter 11 case. The conduct alleged by the Debtor in the Civil Action precipitated in part this Chapter 11 case, and has a clear and direct impact on property of the estate under 11 U.S.C. § 541. Further, the conduct alleged in the Complaint constitutes grounds for equitable subordination of the Defendants' claims against the Debtor in this Chapter 11 proceeding. Resolution of the claims asserted in the Civil Action, thus, will significantly affect the administration of the estate and would involve the allowance or disallowance of claims against the estate, counterclaims by the estate, attempts to obtain property of the estate, and proceedings affecting the liquidation of assets of the estate and the adjustment of the debtor-creditor relationship and the equity security holder relationship. All such proceedings are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), and (O). In the event that any claim or cause of action asserted in the Civil Action is determined to be noncore, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

7. This Notice of Removal is filed less than ninety (90) days after the order for relief in the Chapter 11 case. As mentioned above, the Civil Action was pending when the Chapter 11

case was commenced. Each claim and cause of action asserted by the Debtor in the Civil Action is related to the Chapter 11 case. Removal of each claim and cause of action of the Civil Action to the bankruptcy court is authorized by 28 U.S.C. §§ 1452, 1334 and 157, and the General Order of the District Court for the Northern District of California, Oakland Division referring bankruptcy matters to the United States Bankruptcy Court. Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure.

8. Promptly after the filing hereof, the undersigned shall file a copy of this notice with the Clerk of the Superior Court of the State of California for the County of San Mateo.

**NOW THEREFORE**, all parties to the Civil Action pending in the State Court as Case No. CIV 426631, are HEREBY NOTIFIED, pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the Civil Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure. The Civil Action is removed from the State Court to the bankruptcy court presiding over the Chapter 11 case. The parties to the Civil Action shall proceed no further in the State Court unless and until the action is remanded by the bankruptcy court.

Date: March 2, 2004

MANASIAN & ROUGEAU LLP

By: _____
Paul E. Manasian
Attorneys for Debtors In Possession
QMECT, Inc.

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

Case: 04-04077    Doc# 1    Filed: 03/02/04    Entered: 03/02/04 17:48:08    Page 4 of 4